UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
JAN 2 - 2019
U.S. DISTRICT COURT
GREENVILLE, S.C.

Jerome E. Todd ) CASE No. _____
    Plaintiff )
    v ) COMPLAINT PURSUANT TO BIG TUCKER ACT -
THE UNITED STATES OF AMERICA ) TAKINGS CLAIM THAT RELATES BACK TO
(USA)    Defendants ) 16-1678C ATTACHED HEREWITH SELF-STAMP
    ) ENVELOPE REQUEST FILED COPY RETURN(S) - DECLARATION
    ) OF INMATE MAILING.

This Complaint is being brought in reference to case number 16-1678C, also—because the plaintiff had to wait untill the regulatory process was completed in order to file suit, and to know as to what extent in damages that was inherently unknowable at the accural date when the U.S. Marshals Service had entered into physical possession-constituting the permenent, regulatory and judicial takings (Fifth Amend).

28 U.S.C. §§ 2501 and 1491(a)(2). 28 C.F.R. § 0.77(i,)(j,)(k,) and (o) 6:17-cv-02696-cc

The filings of pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers Nasker v. United States, 82 Fed. Cl. 319, 320 (2008).

A. Fifth Amendment Takings Claim

A six-year statute of limitations governs

claims before the U.S. Court of Fed. Claims. 28 U.S.C. §2501. A claim under the Fifth Amendment to the U.S. Constitution accrues when a taking action occurs. Generally, such a taking occurs when the Government deprives an owner of the use of his or her property. A permanent takings claim arises when (1) all the events which fix the Government's liability have occurred and (2) the plaintiff knew or should have known about the existence of those events.

B.   COMPLAINT

This complaint is being brought within the six-year statute of limitations period pursuant to 28 U.S.C. § 2501, by way of invoking the

2 of 4

<u>accrual suspension rule</u> -- that is to be strictly and narrowly applied to the following events -- which gives rise to the plaintiff's entitlement to compensation and inter alia.

C.   " The defendant United States, had concealed its ministerial acts authorized by Congressional statute (i.e. an Act of Congress) -- that the named plaintiff was unaware of their existence in the State of Florida - in civil case number 5:13-cv-00160-MP-EMT; Document 14, dated and filed on 06/05/13. <u>JEROME EUGENE TODD, (Petitioner)</u> vs. <u>N.C. ENGLISH, WARDEN, (Respondent.)</u>; and -

D.   [21] that the injury of that concealed information was inherently unknowable at the accrual date -- until the executive regulatory process of the agency's Federal Bureau of Prisons' rulemaking policy(s)

3 of 4

LEAVE AND BENEFITS (approved Feb 1, 2017), and Trust Fund/Deposit Fund Manual (approved March 14, 2018) had ended.

E. As a result, the U.S. Marshals Services' (USMS), had entered into physical possession, in the U.S. District Court, civil case number: 6:17-cv-02696-DCC at docket number 62-1, constituting the permanent, regulatory, and judicial takings --- in the district court's orders, at docket "entry" number "62", so as to deprive the plaintiff of use of his property, given rise to the plaintiff's claim of entitlement to "sue" for his money in the Federal Court of Claims: (28 U.S.C. 1491(a)(2)).

F. Plaintiff claims that "all" of the events have occurred --- in invoking the accrual suspension rule, which fix the Fed. Government's liability ---

4 of 14

because the plaintiff had to "wait" to actually file suit, until the executive regulatory process -- of First, the agency's "LEAVE AND BENEFITS" policy, that of which began on February 1, 2017; then, the agency's "Trust Fund / Deposit Fund Manual" - which ended on March 14, 2018, was complete; triggering the accrual date of the "single" permanent regulatory and judicial takings --- when the U.S. Marshals Service entered into the physical possession on March 28, 2018, in the U.S. District Court, District of South Carolina, Greenville,- in civil case number, 6:17-cv-02696-vcc- docket number 62-1.

G. The Takings Clause of the Fifth Amendment provides; "in part, that private property shall not be taken for public use without just compensation." U.S. Const. amend.

5 of 14

V, cl.4 We have developed a two-part test to determine whether a taking has occurred. First, we must determine whether the claimant has established a property interest for purposes of the Fifth Amend. Adams v. U.S., 391 F.3d 1212, 1218 (Fed. Cir. 2004). "It is axiomatic that only persons with a valid property interest at the time of the taking are entitled to compensation." Am. Pelagic Fishing Co., L.P. v. United States, 379 F.3d 1363, 1372 (Fed. Cir. 2004) Second, if the court identifies a valid property interest, it must determine "whether the governmental action at issue amounted to a compensable taking of that property interest." Id.

H. "Case-by-Case approach"

Because the plaintiff had to wait until

the agency Federal Bureau of Prisons' regulatory process ended to file suit --- to know <u>the extent of damages</u>, the plaintiff; and as "shown" - when the U.S.MS had entered into physical possession -- has a superior legal interest -/ of the "stick"-in-the <u>bundle of property rights</u> -- that's separate and distinct of the agency's <u>Trust Fund / Deposit Fund Manual</u> --- that of which information was concealed and inherently unknowable on the date of the <u>single</u> physical and permanent taking. - depriving the plaintiff of use of his property/rights (i.e. a "TRUST")

I. <u>Big Tucker Act 28 U.S.C. § 1491(a)(2)</u>

Plaintiff's complaint is "<u>couched</u>" under the <u>Big Tucker</u> Act, seeking non-monetary relief - that's incident to and collateral to a monetary judgment --- a separate substantive law, founded upon the executive departments regulation - codified at 28 C.F.R. § 0.22(i),(j),(k), and (n)./ <u>Fifth Amen. Taking Clause</u>.

2 of 14

Plaintiff asserts that now that all the events have occurred to fix the United States liability -- plaintiff seeks to be placed in retirement status - as discharged, the correctness of records, and his entitlement to Demand the sum certain of $2 Billion in Damages -- pursuant to 28 U.S.C. 1491(a)(2).

Relief Sought "Damages" $2 Billion / Subpoena power

If, at the time that this action is timely filed within the six-year statute of limitations period --- that this court lacks subpoena power over the "subject-matter"; let it be that the court properly find it is in the best interest of justice, to transfer this filed action-/ "Notice", for want of jurisdiction to the Federal Court of Claims --- for specific performance / and subpoena power - of damages 28 U.S.C. §§ 1631 and 1491(a)(2) - (§2501). To provide an entire remedy.

B. Further Relief:

Furthermore, "A municipality is liable under 42 U.S.C. §1983 where an official policy causes a constitutional violation. A plaintiff has two methods by which to establish a municipality's policy: Identify either (1) an officially promulgated policy or (2) an unofficial custom or practice shown through the repeated acts of a final policymaker for the municipality. Liability may be established by acquiescence in a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity..."

Thereby, the plaintiff asserts that in civil case number 6:17-cv-02696-DCC, the municipality's (the court) liability under section 1983 -

~~the copies~~ of its' ~~un~~official -
custom policy, as "shown" through-out
the certified copy docket sheet entries;
requiring a response due within Fourteen
(14) days "repeatedly" - which constituted
the standard operating procedure of the
municipality - had partaken in the
USMS entering into physical possession of
the accrual date in the "single" "taking" on
March 28, 2018, that was authorized by law -
pursuant to an Act of Congress, requiring Compensation -
as to private property (being taking for public-use." -
as shown at civil docket entry number 62-/62-1.-
Fifth Amendment specific provision (Takings Clause).

12-22-18                    Jerome E. Todd
DATE                        Jerome Eugene Todd

10 of 14

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Jerome Todd, Plaintiff

v.    Case No. _____

THE UNITED STATES, Defendant

 I am an inmate confined in an institution. Today, 12-22-18, I am depositing the COMPLAINT PURSUANT TO BIG TUCKER ACT TAKINGS CLAIM THAT RELATES BACK TO 1616 78 CATTACHED SELF STMP ENCLOSE REQUEST FILED COPY RETURNED in this case in the institution's internal legal mail system. First-class postage is being prepaid by me or by the institution on my behalf.

 I declare under penalty of perjury that the foregoing is true and correct (See 28 U.S.C. §1746; 18 U.S.C. §1621)

Sign your name here _Jerome E. Todd_
Signed on 12-22-18

 Note to inmate filers: If your institution has a system designed for legal mail, you must use that system in order to receive the timing benefit of Fed. R. App. P. 4(c)(1) or Fed. R. App. P. 25(a)(2)(C).

RECEIVED
JAN 2 - 2019
U.S. DISTRICT COURT
GREENVILLE, S.C.

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury (28 U.S.C. 1746) that I caused to be placed on this 27th day of December 2018, by First-class pre-paid postage affixed thereto, a hand written copy of "COMPLAINT PURSUANT TO BIG TUCKER ACT-TAKINGS CLAIM THAT RELATES BACK TO 16-1628C ATTACHED HEREWITH SELF-STAMP ENVELOPE REQUEST FILED COPY RETURNED-DECLARATION OF INMATE MAILING ATTACHED. hand delivered to a Federal employee at FCI Estill's legal mail system office to be forwarded as follows:

Clerk of Court
U.S. District Court
300 East Washington Street
Room 239
Greenville S.C. 29601

_Jerome E. Jell_

14 of 14